## Board of Education of Berea et al. v. Ballard et al.

Feb. 9, 1945.

E. Selby Wiggins for appellants.

Carl Eversole and D. Andrew Shearard for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

These eight consolidated actions involve issues affecting the rights of colored citizens and taxpayers within the limits of the Berea Graded or High School District for white pupils, which is under the management and control of the Board of Education for the district, and which, with its tax collector and attorney, are the appellants. Some of the colored residents and tax-

payers of the district for themselves and other colored taxpayers similarly situated are the appellees.

The questions involved, and the way and manner they were presented, are these: Defendants in seven of the consolidated actions were sued by the Board in the Madison quarterly court to recover judgment for the amount of their delinquent taxes due the district, the amounts of all of which were within the jurisdiction of that court. Subsequently the statements filed in that court, forming the basis of the actions, were amended by stating that each of the defendants owned real property within the district upon which the Board had a lien under the law, and which it sought to enforce. Upon the filing of that amendment the cases were transferred to the Madison circuit court, wherein such a lien could be enforced and which could not be done in the quarterly court. Before the cases were heard or disposed of in the circuit court the defendants in the quarterly court action (appellees here) filed their independent petition in equity in the Madison circuit court against the school board, its tax collectors and its attorney seeking to enjoin the further prosecutions of the transferred quarterly court actions, upon the ground that the taxes sought to be collected by the Board were illegal and void because the school board discriminated against colored pupils in violation of section 187 of our Constitution, which says: "In distributing the school fund no distinction shall be made on account of race or color, and separate schools for white and colored children shall be maintained."

The discriminating fact relied on in the petition was, that the high school or graded school that the Board had provided for colored pupils (as the law requires it to do) was for a term of only eight months in the year, whilst the graded school located in Berea for the white pupils provided for a term of nine months in the year, thereby furnishing to the white pupils a longer term of one month per annum, and for which reason the tax sought to be collected was and is void, and that the assessment of the property owned by colored taxpayers within the district was also illegal and void. Furthermore, the petition alleged that the Board had no authority to proceed in any manner in its name to collect the involved tax due it from appellees and defendants in the quarterly court actions, since, if legal, the tax was collectible only by the tax collector of the district and not by

the Board suing therefor. Upon the filing of the latter petition the transferred cases from the quarterly court to the circuit court were consolidated with it.

Defendants (appellants) in the independent equity action filed in the circuit court a demurrer to the petition which·the court overruled; whilst defendants in the transferred actions from the quarterly court (appellees) filed a special demurrer in each of them, on the ground that (as we have stated) the Board had no right to so proceed for the collection of the delinquent taxes. The court sustained the special demurrers and dismissed those actions. The appellants in the independent action declined to plead further after the court overruled their demurrer to the petition of appellees, and the court then rendered judgment enjoining appellants from further prosecuting the transferred actions from the quarterly court, on the grounds that (a) the quarterly court in which they were originally filed had no jurisdiction of them, and (b) that even if it had jurisdiction no such actions could be maintained by the Board or anyone else to enforce liens on realty without previous distraint and exhaustion of personal property of the taxpayer sufficient to pay the tax, but the injunction continued no longer than "until the personal property of the de-- fendants be first exhausted by the distrainer as the law directs." The court further adjudged "that the defendant, Berea Board of Education, has heretofore and is now violating the spirit and letter of section 187 of the Constitution of the State of Kentucky and has failed and refused to provide a school for the colored children of said Berea Graded School District of equal status, dignity and duration as it has provided for the children of said district of the White race."

There is considerable doubt as to whether the alleged violation of the provisions of section 187 of the Constitution, even if it were true, could be legally presented or involved in the circumstances of this litigation; but waiving that question, and admitting for the purposes of this case that the nonenforcement and noncompliance with that section would defeat the collection of taxes, duly assessed (and which the court adjudged was done and from which no appeal has been taken), the question then arises whether the Board of Education, in order to comply with the requirements of the section, must provide for colored pupils a complete fac-

simile school in every respect that it provides for the white pupils of the district, a requirement that would be practically impossible to fulfill because of several factors. The teachers in one school, although possessing legal qualifications, might be deficient in the adoption of the best methods to promote and advance the pupils of the respective schools. The school buildings, their equipment and other facilities for the proper teaching of the pupils might not be exactly the same in each of the provided schools for the respective races, and yet not be so inferior to like provisions for the other school as to create a substantial distinction so as to violate the provisions of the constitutional section. It is not alleged in the petition—except in general terms expressive of only a conclusion of the pleader—that any violation of that section, in any such respects, has occurred, the only violation being that the term of the colored graded school is one month shorter during the year than that of the same character of school for the white pupils. The law requires that the terms of public schools shall not be shorter than eight months during the year. Pupils in an eight months' school may advance as rapidly, and master the prescribed course to the same extent, as those attending a nine months' school, and we are not inclined to hold that the alleged violation of the constitutional section as shown in this case was or is a substantial one, and therefore it can in no event be interposed as a defense to the collection of the taxes involved, or furnish a ground for enjoining their collection.

The Board of Education by contract made provision for the education of colored pupils entitled to enter the character of school involved, with a colored school operated and conducted outside of the Berea Graded School district at Middleton located in the county of Madison and there is no allegation whatever, in the petition that the faculty, the facilities or equipment of that school are unequal in any respect to that of the school conducted within the district for white pupils. The only discrimination, as we have said, was that the term of the Middleton school (the one contracted with) is one month shorter than that of the school operated for white pupils within the district. Having determined the chief question upon which all of the other questions in the case rest—except one—it results that the judgment erroneously held that section 187 of the Constitution was available to appellees.

The remaining question (the decision of which is not dependent upon the determination we have made with reference to the Constitutional section) is, that the Board of Education had no right to maintain in its own name the actions originally brought in the quarterly court. To begin with, section 160.160 of KRS prescribes that the Board "shall be a body politic * * *. It may sue and be sued; make contracts; purchase, receive, hold and sell property;" etc.

Section 134.470 of KRS prescribes that an uncollected tax bill "shall continue to be a personal obligation of the delinquent taxpayer. Any property while owned by him shall be subject to foreclosure or execution in satisfaction of a judgment pursuant to an action in rem or an action in personam, or both, to enforce the obligation, and shall also be subject to distraint or levy as provided in subsection (1) of KRS 134.430."

Section 134.050 of KRS expressly, enacts that: "Every tax imposed by law and all increases, penalties and interest thereon shall be a personal debt of the person liable for the payment thereof, from the time the tax becomes delinquent until paid. In addition to all other remedies, the collection thereof may be enforced in the same manner as the collection of any other debt due the state."

Section 158.100 provides (with qualifications) for the maintenance of a graded school for colored children residing in the district "either by maintaining the schools in the district or by contract with another * * * district."

In view of such statutory enactments we conclude that when the district desires to enforce its lien for taxes due it, it may maintain the action prescribed therefor in its own name, since there appears nothing in our entire statutory law relating to taxation forbidding its prosecution of the action. On the contrary, we have seen that the statute makes the tax a debt of the delinquent taxpayer in favor of the particular taxing authority, but which before the enactment of the statute was not true. Also we have seen that the tax may be collected by an appropriate action for the enforcement of liens, notwithstanding other remedies may be available to accomplish the same purpose such as distraint, levy and sale by the tax collector, etc. Therefore, the procedure objected to in this case by appellees is fur-

nished by comparatively late enactments which are in conflict in some respects with the law as it existed prior thereto; but all of which was and is within the authority of the Legislature to prescribe. The court therefore erred in sustaining the special demurrer filed to the actions originally brought in the Madison quarterly court. They should have been overruled and the court likewise erred in overruling the demurrer to the independent petition filed by the colored taxpayers (appellees) in the Madison circuit court. The proper order that should have been entered was one sustaining the demurrer and which results in making the entire judgment rendered by the court in the consolidated actions erroneous, thereby necessitating its reversal.

Wherefore, it is reversed with directions to overrule the special demurrers to the cases originally filed in the quarterly court of Madison County, and to sustain the demurrer to the independent petition filed in the Madison circuit court, and for such other orders as are not inconsistent with this opinion.

The whole Court sitting.